88

CLÍNICA DÍAZ GARCÍA, INC., Petitioner, *v.* TAX COURT OF PUERTO RICO ET AL., Respondents.

No. 46. Argued April 23, 1945.—Decided May 28, 1945.

*Héctor González Blanes* and *Enrique Córdova Díaz* for petitioner. *Jesús A. González, Acting Attorney General,* and *M. Velázquez Flores, Deputy Attorney General,* for respondent Treasurer.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

On February 12, 1938, the Treasurer of Puerto Rico sent the petitioner a notice of deficiency on its income tax for the taxable years 1933 to 1935. On March 8, 1938, the petitioner filed an appeal before the Board of Review and Equalization. On July 28 of the same year the petitioner furnished bond for an amount equal to the deficiency notified and said bond was approved by the Treasurer.[1] Pending the decision of the appeal Act No. 172 of 1941 was approved creating the

---

[1] This case is governed by § 57(a) of the Income Tax Law, as amended by Act No. 102 of 1936 (Laws of 1936, p. 524) which reads as follows:

"Section 57.—(a) If, in the case of any taxpayer, the Treasurer determines that there is a deficiency in respect to the tax imposed by this title, the taxpayer, except as provided in subdivision (d), shall be notified of such deficiency by registered mail, but such deficiency shall be assessed only as hereinafter provided. Within 30 days after such notice is mailed,

Court of Tax Appeals of Puerto Rico, and pursuant to §§ 4 and 5 of said Act and Rule 8 of the Practice Rules of said court, on February 18, 1943, the petitioner filed its complaint in that court. On October 6, 1943, in his answer to the complaint, the Treasurer challenged the jurisdiction of the court on the ground that the bond required by § 57(a), *supra*, had been untimely filed. It was not until February 28, 1945, and by the Tax Court created by Act No. 169 of May 15, 1943, that an order was issued granting the plea of lack of jurisdiction interposed by the Treasurer on the ground that the bond should have been furnished by the petitioner within thirty days from service of notice of the deficiency, that is, on or before March 14, 1938, and that if it had delayed until July 28, 1938 "the extinct Board of Review and Equalization could not acquire jurisdiction and, hence, the Court of Tax Appeals could not acquire it either and this Tax Court is not vested with it at present." We granted writ of certiorari to review said decision.

■ The respondent court in its "Return and Memorandum," as well as the petitioner and the Treasurer in their briefs, have engaged deeply in a lengthy discussion as to whether or not § 3 of Act No. 169 of 1943 should prevail over § 57(a) of the Income Tax Law in connection with the filing of a bond by the taxpayer as a jurisdictional prerequisite to obtain access to the Tax Court. This question has been decided by this court in *Mayagüez Light, Power & Ice Co., Inc.* v. *Tax Court, ante,* p. 28, in the sense that the three-fourths bond provision of § 57(a). as amended by Act No. 23 of 1941 (Special Session), was still in force notwithstanding the provisions of § 3 of Act No. 169 of 1943. On other grounds we also held in said case that the Tax Court

the taxpayer may file an appeal with the Board of Review and Equalization, alleging in writing and under oath the legal facts and grounds on which such appeal is based; *Provided, however,* That in order to exercise this right, the taxpayer shall have to file a bond for a sum equal to the amount of the tax notified and appealed, subject to the approval of the Treasurer."

should permit those taxpayers who relied on the earlier ruling of the court to file their bonds.

■ However, the case at bar is governed exclusively by the construction which should be given to the proviso contained in § 57(a) as amended by Act No. 102 of 1936, *supra,* note (1), to the effect that in order to exercise this right "the taxpayer shall have to file a bond for a sum equal to the amount of the tax notified and appealed, subject to the approval of the Treasurer." Petitioner alleges, and the Treasurer admits it, that the administrative rule established and accepted for appeals taken to the Board of Review and Equalization did not require that bond be tendered and approved within 30 days from the service of notice of the deficiency. Although the Treasurer admits this, he urges that since the scope of the proviso is clear, pursuant to § 5 of the Civil Code, "disuse, custom or practice to the contrary" should not impede its enforcement.

A comparison of the language of § 57(a), as it was in force in 1938, when the appeal in this case was taken to the Board of Review and Equalization, with that of § 57(a) itself, as amended by Act No. 23 of 1941 (Special Session), the scope of which we construed in the *Mayagüez Light, Power & Ice Co.* case, *supra,* discloses that it was in this latter Act that the Legislature laid express stress on the mandatory character of the furnishing of a bond as a jurisdictional prerequisite. Although Act No. 102 of 1936 required the furnishing of the bond, it can not be said that the language of the proviso is so manifestly clear as to justify our deciding, in 1945, contrary to the administrative practice of 1938 accepted by the Treasurer himself, former president of the Board of Review and Equalization, that said Board had not acquired jurisdiction over the case because petitioner's bond was furnished and approved after thirty days had elapsed from the filing of the appeal.

The decision of the Tax Court should be reversed and the case remanded for further proceedings.